# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

DERRELL RUTH, :
:
       Petitioner, :
:
VS. : CIVIL NO. 5:17-CV-459-CAR-MSH
:
Warden DEAL, :
:
       Respondent. :
_____

## ORDER

Presently pending before the Court are the pleadings of *pro se* Petitioner Derrell Ruth, an inmate currently confined at the Ware State Prison in Waycross, Georgia. On February 1, 2018, the Court entered a document in this case transferring Petitioner's claims to the Southern District of Georgia (ECF No. 18). Although the language of the document indicates that the Court intended for the document to be an order, the document was incorrectly titled as a "Recommendation." To avoid any potential confusion, the Court **VACATES** the document filed at ECF No. 18 and enters the following Order.

Petitioner originally filed a document that was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). In accordance with the Court's previous order, Petitioner has now recast his petition on the Court's standard form (ECF No. 11) and moved for leave to proceed *in forma pauperis* (ECF Nos. 4, 12) and for appointed counsel (ECF Nos. 6, 13).

Upon reviewing Petitioner's recast petition and other documents filed after his

original Petition, it is unclear whether Petitioner actually intends to file a federal petition for writ of habeas corpus or a complaint seeking relief pursuant to 42 U.S.C. § 1983. Although Petitioner completed the Court's standard § 2254 form in accordance with the Court's December 21, 2017 Order, Petitioner alleges therein claims for deliberate indifference and cruel and unusual punishment, complains about his conditions of confinement, and asserts an equal protection violation. *See* 2d Suppl. Pet. 5-10, ECF No. 11. Petitioner also requests only monetary damages, which are not available in a habeas corpus action. *Id.* at 15; *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994). On the other hand, Petitioner requested habeas corpus relief in his initial Petition, and he confirmed in a response to the Court's December 21, 2017 Order that he "received the Petition for 28 USC 2254 and wishes to proceed as such." Resp. 1, ECF No. 9. The Court will therefore continue to construe this action as a proceeding under 28 U.S.C. § 2254.

A state prisoner may file a habeas petition in the district where the prisoner was convicted or in the district where the prisoner is confined. 28 U.S.C. § 2241(d). The Court where the petition is filed may transfer it to the other appropriate district "in furtherance of justice." *Id*. It is the long-standing policy of the Georgia district courts "to transfer habeas petitions filed in the district where the prisoner is confined to the district where the petitioner was convicted." *Eagle v. Linahan*, 279 F.3d 926, 933 n.9 (11th Cir. 2001). Petitioner was convicted in the Superior Court of Toombs County, Georgia. 2d Suppl. Pet. 1, ECF No. 11. Toombs County is in the Statesboro Division of the Southern District of Georgia. 28 U.S.C. § 90(c)(6). Accordingly, it is **ORDERED** that this action

and all pending motions be **TRANSFERRED** to the Statesboro Division of the United States District Court for the Southern District of Georgia.[1]

**SO ORDERED**, this 2nd day of February, 2018.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Whether Petitioner's pleadings are construed as containing federal habeas corpus claims or claims under § 1983, the appropriate venue for his claims is the Southern District of Georgia. To the extent Petitioner is raising § 1983 claims, they concern his treatment at the Ware State Prison in Ware County, Georgia, which is located in the Waycross Division of the Southern District of Georgia. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 90(c)(4).